**FILED**
**U.S. District Court**
**District of Kansas**

03/12/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NOAH DEMETRIUS REED,

        **Petitioner,**

    v.                          **CASE NO. 26-3047-JWL**

STATE OF KANSAS[1],

        **Respondent.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by

Petitioner and Kansas state prisoner Noah Demetrius Reed, who proceeds pro se. (Doc. 1.) He has

moved for leave to proceed in forma pauperis (Docs. 2 and 4), but has not submitted the financial

certificate required to support his request. Under the local rules:

> Where a petitioner . . . is an inmate of a penal institution and desires to proceed without prepayment of fees, he or she must also submit a certificate executed by an authorized officer of the institution in which he or she is confined. The certificate must state the amount of money or securities on deposit to his or her credit in any account in the institution.

D. Kan. R. 9.1(g)(2)(A).

Petitioner informs the Court, however, that "technical difficulties" experienced by the

Kansas Department of Corrections ("KDOC") have resulted in his being unable to obtain the

required certificate. (Doc. 4.) This mirrors similar information provided to the Court in other cases.

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Tim Easley, the current warden of Larned State Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

Thus, Petitioner's motions for leave to proceed in forma pauperis will be provisionally granted and Petitioner will be granted additional time to file the required certificate.

The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court concludes that the timeliness of the petition depends on a future ruling by the state courts in a related case. Thus, the Court will direct Petitioner to show cause in writing why this matter should not be stayed and held in abeyance pending final resolution of the state-court case. Also before the Court is Petitioner's "Motion for Appointment of Counsel," (Doc. 5) which the Court will deny without prejudice for the reasons explained below.

## Background

In 2016, a jury in Sedgwick County, Kansas convicted Petitioner of aggravated kidnapping, attempted second-degree murder, and criminal threat; the state district court later sentenced him to 685 months in prison. (Doc. 1, p. 1); *see also State v. Reed*, 2018 WL 4839660, *2 (Kan. Ct. App. Oct. 5, 2018) (unpublished) (*Reed I*), *rev. denied* Sept. 27, 2019. Petitioner then pursued a direct appeal. *Reed I*, 2018 WL 4839660, at *1. On October 5, 2018, the Kansas Court of Appeals ("KCOA") affirmed his convictions and, on September 27, 2019, the Kansas Supreme Court ("KSC") denied the related petition for review.

On May 28, 2020, Petitioner filed in Sedgwick County District Court a motion for state habeas relief under K.S.A. 60-1507. (Doc. 1, p. 3); *see also Reed v. State*, 2023 WL 7271858, *1 (Kan. Ct. App. Nov. 3, 2023) (unpublished) (*Reed II*), *rev. denied* Mar. 27, 2025. The district court denied relief and Petitioner appealed. *Reed II*, 2023 WL 7271858 at *1. On February 11, 2022, while that appeal was pending before the KCOA, Petitioner filed in this Court a petition for federal habeas relief pursuant to 28 U.S.C. § 2254. *See Reed v. Kansas*, 2022 WL 705341, *1 (D. Kan.

Mar. 9, 2022) (unpublished) (*Reed III*).

United States Senior District Judge Sam A. Crow screened the federal habeas petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. *Id.* at \*2. In a notice and order to show cause issued on March 9, 2022, Judge Crow explained his conclusion that some of the claims in the federal habeas petition were unexhausted but could be exhausted in the then-pending appeal from the denial of Petitioner's K.S.A. 60-1507 motion. *Id.* Judge Crow granted Petitioner time in which to show cause why his federal habeas case should not be dismissed without prejudice so that Petitioner could exhaust available state-court remedies. *Id.* at \*3. After the April 11, 2022 deadline to respond passed without Petitioner filing anything further, Judge Crow dismissed the federal habeas case without prejudice. *See Reed v. Williams*, Case No. 22-3029-SAC, Doc. 8.

On November 3, 2023, the KCOA affirmed the denial of Petitioner's K.S.A. 60-1507 motion and, on March 27, 2025, the KSC denied the related petition for review. *See Reed II*, 2023 WL 7271858, at \*1. On June 17, 2025, Petitioner filed another motion for state habeas relief under K.S.A. 60-1507. (Doc. 1, p. 3.) As of the date of this order, it appears that the 2025 K.S.A. 60-1507 motion remains pending before the state district court. *See Reed v. State*, Sedgwick County Case No. SG-2025-CV-001482, available at https://casesearch.kscourts.gov. The docket reflects that the State filed a response to Petitioner's motion on November 7, 2025, and on February 19, 2026, Petitioner filed a "Motion of Dismissal From Judicial Misconduct due to Kan. Sup. Ct. Rules," which remains pending.

On February 23, 2026[2], Petitioner filed the pro se petition for federal writ of habeas corpus

---

[2] The Court received the petition on March 9, 2026. (Doc. 1.) "Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019). The last page of the petition contains a declaration under penalty of perjury that Petitioner placed his

pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.)

## Standard of Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or

---

petition in the prison mailing system—which is more accurately described as giving his petition to prison authorities for e-filing—on February 23, 2026. (Doc. 1, p. 14.) Thus, for purposes of calculating timeliness, the petition is deemed filed as of February 23, 2026.

4

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the petition now before this Court suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted the opportunity for direct appeal to the state courts and the opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, the KSC denied review in Petitioner's direct appeal on September 27, 2019. Petitioner did not file a petition for certiorari. (*See* Doc. 1, p. 3.) The Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his or her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The Rules of the Supreme Court of the United States allow petitioners ninety days from the date of entry of judgment in highest state court—in Kansas, the Kansas Supreme Court—to seek certiorari. Sup. Ct. R. 13(1).

Under this timeline, the last day on which Petitioner could have filed a petition for writ of certiorari was December 26, 2019. On December 27, 2019, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was December 27, 2020. *See Hurst*, 322 F.3d at 1261-62. Because December 27, 2020 was a Sunday, Petitioner had until the end of Monday, December 28, 2020 to file a timely § 2254 petition in this Court. *See* Fed. R. Civ. P. 6(a)(1); *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. 2011) (unpublished) (applying Rule 6).

5

The AEDPA also includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 60-1507 motion on May 28, 2020. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart*, 449 Fed. Appx. at 738 (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

The final order related to Petitioner's first K.S.A. 60-1507 motion issued on March 27, 2025, when the KSC denied the petition for review in the related appeal. Thus, Petitioner's K.S.A. 60-1507 motion was pending for approximately 1,765 days. When those days are added to the original one-year anniversary date of December 28, 2020, it gives the new filing deadline for this matter: November 28, 2025. This Court was closed for a holiday on Friday, November 28, 2025, so Petitioner had until the end of Monday, December 1, 2025 to file his federal habeas petition. Even taking as true the date on which Petitioner declares he placed his federal habeas petition in the prison mailing system, Petitioner did not file this federal habeas case until February 23, 2026— over 2 months past the deadline. (*See* Doc. 1, p. 14.)

As noted above, however, Petitioner filed another K.S.A. 60-1507 motion in June 2025 and that motion remains pending in the state district court. (Doc. 1, p. 3.) If that motion satisfies the AEDPA's federal tolling provision, the time for Petitioner to file a 28 U.S.C. § 2254 petition was paused a second time on June 17, 2025 and has not yet resumed, meaning that the § 2254 petition currently before this Court is timely. On the other hand, the United States Supreme Court

has explained that "time limits, no matter their form, are 'filing' conditions," so when a state court rejects a motion for post-conviction relief as untimely, "it was not 'properly filed,' and [the petitioner] is not entitled to statutory tolling under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005); *see also Allen v. Siebert*, 552 U.S. 3, 5-7 (2007) (reaffirming *Pace* and holding that it does not matter whether the time limit in question "is jurisdictional, an affirmative defense, or something in between"; it is still a filing condition). Thus, if the state district court denies Petitioner's currently pending K.S.A. 60-1507 motion as untimely filed and any such ruling is upheld on appeal, it will mean that the motion did not toll the federal habeas statute of limitations and the current § 2254 petition was not timely filed.

Because the information now before this Court indicates that the timeliness of this federal habeas petition depends on a future ruling by the state courts, the Court concludes that this matter should be stayed pending completion of the state-court proceedings related to the currently pending K.S.A. 60-1507 motion. The Court will, however, grant Petitioner time in which to show cause, in writing, why this matter should not be stayed and held in abeyance. If Petitioner fails to timely file a response to this order, the Court will stay this case and hold it in abeyance and will direct Petitioner to file periodic status reports on the progress of the state court case.

## Conclusion

In summary, the information now before the Court indicates that this matter should be stayed and held in abeyance until the state courts resolve the K.S.A. 60-1507 motion currently pending in state court under case number SG-2025-CV-001482. The Court will grant Petitioner time to show cause why this matter should not be stayed and held in abeyance. If Petitioner fails to timely respond to this order, this matter will be stayed and held in abeyance and the Court will set a deadline for Petitioner to update this Court on the status of the state court proceedings.

**Motion for Appointment of Counsel (Doc. 5)**

Also before the Court is Petitioner's motion for appointment of counsel. (Doc. 5.) Liberally construed, the motion asserts that Petitioner lacks the financial resources to retain counsel. *Id.* As the motion acknowledges, Petitioner has no constitutional right to counsel in a federal habeas corpus action. *Id.* at 1; *See also Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings."). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

The Court concludes that the appointment of counsel is not warranted at this early stage of the proceedings. It is not yet clear whether the petition in this matter was filed within the applicable statute of limitations and Petitioner appears able to adequately investigate the facts and clearly

present his claims. Thus, the motion will be denied without prejudice. Petitioner may refile his motion if this case survives the initial screening and develops in a way that requires counsel.

**IT IS THEREFORE ORDERED THAT** Tim Easley, Warden of Larned State Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED THAT** Petitioner's motions for leave to proceed in forma pauperis (**Docs. 2 and 4**) are provisionally **granted**. Petitioner is granted to and including **May 12, 2026** to file either (1) the financial certificate required to support his motions for leave to proceed in forma pauperis or (2) a status report containing any additional information he has received on the availability of such a certificate.

**IT IS FURTHER ORDERED THAT** Petitioner's motion for appointment of counsel (**Doc. 5**) is **denied without prejudice**.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including **April 13, 2026**, in which to show cause, in a single written response to this order, why this matter should not be stayed and held in abeyance until the final resolution of the related state court proceedings under K.S.A. 60-1507.

**IT IS SO ORDERED.**

DATED:  This 12th day of March, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

9