**FILED**
**U.S. District Court**
**District of Kansas**
04/15/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

NOAH DEMETRIUS REED,

    **Petitioner,**

  v.              **CASE NO. 26-3047-JWL**

TIM EASLEY,

    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Noah Demetrius Reed, who proceeds pro se. (Doc. 1.) On March 12, 2026, the Court issued a memorandum and order to show cause ("MOSC"). (Doc. 6.) First, the MOSC provisionally granted Petitioner's motions for leave to proceed in forma pauperis and gave Petitioner until and including May 12, 2026 to file either the financial certificate required to support his motions for leave to proceed in forma pauperis or a status report with any additional information he received about the availability of that certificate. *Id.* at 1-2, 9.

Second, the MOSC addressed whether the petition that began this case was timely filed. *Id.* at 2-7. Highly summarized, the MOSC set out the Court's analysis leading to the determination that if the K.S.A. 60-1507 motion Petitioner filed in state court in June 2025 was timely filed, it tolled, or paused, the deadline for filing this federal habeas case and this case is timely. If the June 2025 K.S.A. 60-1507 motion was untimely, however, it did not toll the federal habeas deadline, which passed before Petitioner filed the petition in this case. *Id.* Because the timeliness of the June 2025 K.S.A. 60-1507 motion could be addressed by the state courts in the case that motion began, the Court concluded that it should stay this matter and hold it in abeyance until the state court

1

proceedings are complete. *Id.* at 7. The MOSC granted Petitioner time to respond, however, and state any good cause he knows for this case not to be stayed and held in abeyance. *Id.*

Third, the MOSC denied without prejudice Petitioner's motion for appointment of counsel, stating that Petitioner may refile the motion if and when this case passes the initial review phase of these proceedings. *Id.* at 8-9. Petitioner timely filed a response to the MOSC. (Doc. 7.) The Court has carefully reviewed the response and will address each point in turn.

Petitioner first provides the Court with an update on his efforts to obtain the financial certificate required by the Court, explaining that he remains unable to provide the certificate and that he has not received any updated information. (Doc. 7, p. 1.) Petitioner appears to be concerned that the failure to provide the certificate affects the timeliness of the petition in this case. *See id.* at 2. To be clear: it does not. The Court appreciates Petitioner's continuing efforts to obtain the certificate and assures Petitioner that the inability to provide the certificate at this time has not prejudiced his claims.

The response to the MOSC also asks the Court to reconsider the denial of Petitioner's motion for appointment of counsel. (Doc. 7, p. 1.) Petitioner explains that he seeks the appointment of counsel because he is having trouble articulating his thoughts and arguments to the Court. *Id.* The Court understands that Petitioner is not trained in the law and is unable to afford to retain counsel. Because Petitioner proceeds pro se, or without counsel, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). Petitioner has ably articulated his arguments thus far in these proceedings, and the Court denies the request for reconsideration and appointment of counsel.

The response to the MOSC also briefly addresses this Court's conclusion that this matter should be stayed and held in abeyance, but it does not show good cause why the case should not

2

be stayed. (Doc. 7, p. 1-2.) Petitioner points out that equitable tolling of the federal habeas statute of limitations is available under certain circumstances. And if the state courts hold that the currently pending K.S.A. 60-1507 motion was not timely, Petitioner will be given the opportunity to argue to this Court that he is entitled to equitable tolling of the deadline for filing his federal habeas petition. At this point, however, it is not clear that such argument is necessary. As explained in the MOSC, this Court cannot determine whether the federal habeas petition was filed before the statutory deadline until the state courts resolve the K.S.A. 60-1507 motion. Accordingly, this federal habeas case will be stayed and held in abeyance until the conclusion of Sedgwick County District Court case number SG-2025-CV-001482 and any subsequent appeal.

Practically speaking, what this means is that this Court will pause this case and require Petitioner to periodically submit written status reports to this Court. When the state court proceedings—including any appeal if necessary—are final, the stay of this federal habeas case will be lifted and this case will resume. If the state district court enters a final order in Sedgwick County District Court case number SG-2025-CV-001482, Petitioner should file a status report in this Court as soon as possible and inform the Court. If the deadline set by this Court for the status report is approaching and the district court has not entered a final order, Petitioner should file a status report advising this Court of any events that have occurred in the state case. If nothing further has happened in the state case, the status report may simply state that nothing has happened.

In addition, if Petitioner becomes able to obtain and submit the financial certificate, he should do so as soon as possible. If Petitioner remains unable to submit the financial certificate, he should include in his status reports to this Court any updated information about the availability of the certificate. Again, the Court understands that Petitioner is currently unable to obtain the certificate through no fault of his own. But if Petitioner becomes able to do so, he must submit the

3

certificate to the Court.

**IT IS THEREFORE ORDERED THAT** this matter is **stayed and held in abeyance** pending the completion of related state court proceedings. Petitioner is granted to and including **July 15, 2026** to file a status report as described in this order.

**IT IS SO ORDERED.**

DATED:   This 15th day of April, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

4